MRS. C. BERGHAUS v. HARRISBURG, FOR USE.

GEORGE A. KLUGH v. HARRISBURG, FOR USE.

WRITS OF ERROR TO THE COURT OF COMMON PLEAS OF
DAUPHIN COUNTY.

Argued May 30, 1888—Decided January 7, 1889.

The act of May 24, 1887, P. L. 204, dividing the cities of the state into
seven classes, etc., being unconstitutional and void—Ayars' App., ante
266,—a municipal lien entered for an assessment, against an abutting
owner, of the cost of paving a street in a city of the fifth class, under
par. XI., § 2, article VII., of said act, is unauthorized and void.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK
and WILLIAMS, JJ.; TRUNKEY, J., absent.

Nos. 18 and 19 May Term 1888, Sup. Ct.;* court below,
Nos. 352 and 366 January Term 1888, C. P.

On December 5, 1887, writs of scire facias sur municipal
liens were issued in favor of the city of Harrisburg, for use of
the Barber Asphalt Company, against Mrs. C. Berghaus and
George A. Klugh, severally, as abutting owners, for paving
Market street, claiming of Mrs. Berghaus, $191.43, and penalty,
and of Mr. Klugh, $239.07, and penalty. The defendants
pleaded severally, nul tiel record, non assumpsit, payment with
leave, etc.

At the trial of the two cases together on April 10, 1888, the
facts were essentially the same as those appearing in Shoemaker
v. Harrisburg, ante 285, to which reference is made.

The court, McPHERSON, J., charged the jury that "as we
understand this case at present, we think the plaintiff is entitled
to a verdict in each case," and answered certain points pre-
sented by the defendants as follows:

6. The expense of paving Market street at the cost of de-
fendants and other abutting lot owners, by the front foot rule,
and without any legal notice to them or opportunity to be

--------

* See foot-note, ante p. 286.

heard, as attempted by these proceedings, is not due process of law or uniform taxation, as required by the first section of article IX., and §§ 10 and 11 of article I. of the constitution of Pennsylvania; and by the V. and XIV. amendments to the constitution of the United States.

Answer: Refused.[18]

7. The statute under which the claim is made to tax the abutting lot owners, for the whole cost of paving Market street, is local and special legislation in violation of § 7 of article III. of the state constitution.

Answer: Refused.[19]

10. On the whole case the verdict must be for the defendants, and the court is requested so to say to the jury.

Answer: Refused.[21]

Verdicts were rendered for the plaintiff, for $216.69 against Mrs. C. Berghaus, and for $276.62, against George A. Klugh. Judgments having been entered, the defendants took these writs, assigning as error, inter alia:

18. The answer to the defendants' 6th point.[18]

19. The answer to the defendants' 7th point.[19]

21. The answer to the defendants' 10th point.[21]

*Mr. L. W. Hall* (with him *Mr. Francis Jordan*), for the plaintiffs in error:

*Mr. C. H. Bergner* (with him *Mr. Thos. S. Hargest, City Solicitor*), for the defendant in error:

BERGHAUS v. HARRISBURG.

OPINION, MR. JUSTICE STERRETT:

This scire facias was issued on what purports to be, a "Municipal lien, for paving and curbing Market street from Front street to Pennsylvania Railroad, entered and filed in accordance with the act of assembly, entitled an act dividing the cities of this state into seven classes, etc., approved the 24th day of May 1887." The validity of the lien depends solely on that act. No other warrant for the entry thereof is even suggested.

The constitutionality of the act was challenged by defendant below in his seventh point for charge, recited in the ninteenth

specification of error. That point was refused by the court below, and the question thus presented becomes vital and controlling. The same question has been before us in Ayars' Appeal, No. 3 July Term 1888. In an opinion just filed in that case [ante 266], the act above referred to has been pronounced unconstitutional. For reasons there given, and which need not be repeated, it follows that the lien in question, based on the act, was unauthorized and void. The 19th and 21st specifications are therefore sustained.

In view of this, it is unnecessary to consider other and important questions presented by some of the remaining specifications. The act under which the lien was filed and upon which alone its validity depended, having been declared void the lien must be regarded as a mere nullity.

Judgment reversed.

### KLUGH v. HARRISBURG.

OPINION, MR. JUSTICE STERRETT:

This case and Berghaus v. Harrisburg, No. 18 May Term 1888, were tried together in the court below and argued together here. The facts in both cases are substantially the same, and the questions involved in them are identical. For reasons given in the opinion just filed in that case the judgment in this cannot be sustained. The municipal lien upon which it is based was unauthorized and void.

Judgment reversed.